IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAYNE M. PIERING
N92 W17285 Forest Drive
Menomonee Falls, WI 53051                    Case No.:_____

    Plaintiff,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.
c/o Corporation Service Company
8040 Excelsior Drive, Ste. 400
Madison, WI 53717, and

UNITED HEALTHCARE
c/o CT Corporation, Registered Agent
301 S. Bedford Street, Ste. 1
Madison, WI 53703,

    Involuntary Plaintiffs,

vs.

CITY OF WAUWATOSA
Mr. Steven Braatz, City Clerk
7725 W. North Ave.
Wauwatosa, WI 53213,

CITY OF WAUWATOSA POLICE DEPARTMENT
1700 N. 116th Street
Wauwatosa, WI 53226,

GEORGE N. OPELT
1700 N. 116th Street
Wauwatosa, WI 53226,

XYZ POLICE OFFICERS
1700 N. 116th Street
Wauwatosa, WI 53226,

JAMES MACGILLIS, Police Chief
1700 N. 116th Street
Wauwatosa, WI 53226,

    Defendants.

---

# COMPLAINT

NOW COMES the above-named plaintiff, Shayne M. Piering, by his attorneys, the Law Offices of Robert A. Levine, represented by Robert A. Levine and Jonathan J. Cattey, and as and for a claim against the defendants, City of Wauwatosa, City of Wauwatosa Police Department, George N. Opelt, XYZ Police Officers and James MacGillis alleges and shows to the Court as follows:

## INTRODUCTION

1. Plaintiffs have separate claims which arise out of the same incident and are joined for the purpose of suit and trial, but each prays for a separate judgment.

2. This is a civil action brought under 42 U.S.C. 1983 to address the deprivation under color of law of plaintiff's rights and all similarly situation as secured by the United States Constitution.

3. This is a civil action seeking damages against the defendants for committing civil acts under of color of law which deprived the plaintiff, Shayne M. Piering (hereinafter "Piering"), of rights secured by the 4th and 14th Amendments to the Constitution of the United States and the Constitution of the State of Wisconsin, including but not limited to depriving the plaintiff Piering of due process of law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the action pursuant to 28 U.S.C. 1331.

5. Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claim asserted herein all occurred within the district.

## PARTIES

6. At all of the times hereinafter mentioned, the plaintiff Piering (DOB: 02/18/2001) was and now is a resident of the City of Menomonee Falls, County of Waukesha, State of Wisconsin, residing at N92 W17285 Forest Drive.

7. At all of the times hereinafter mentioned, the involuntary plaintiff American Family Mutual Insurance Company, S.I. (hereinafter "American Family") was and now is a domestic corporation, duly organized and existing pursuant to the laws of the State of Wisconsin, with its registered agent, Corporation Service Company located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717, and is engaged in the insurance business writing policies containing provisions of medical payments coverage.

8. At all of the times hereinafter mentioned, the involuntary plaintiff United Healthcare (hereinafter "UHC") was and now is a foreign health maintenance organization, licensed to transact business in the State of Wisconsin, with its registered agent, CT Corporation, located at 301 S. Bedford Street, Ste. 1, Madison, WI 53703, and provides health insurance benefits.

9. At all of the times hereinafter mentioned, the defendant The City of Wauwatosa, a Municipal Corporation (hereinafter "City") was and now is a Wisconsin corporation, duly organized and existing pursuant to the laws of the State of Wisconsin with its principle place of business located at 7725 West North Avenue in Milwaukee County, Wisconsin and is in charge of the City of Wauwatosa Police Department and its officers.

10. At all of the times hereinafter mentioned, the defendant City of Wauwatosa Police Department (hereinafter "Police Department"), was and now is a government agency, duly

organized and existing pursuant to the laws of the State of Wisconsin with its principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin.

11. Upon information and belief, at all of the times hereinafter mentioned, the defendant George N. Opelt (hereinafter "Opelt") was and now is a resident of the County of Milwaukee, State of Wisconsin, and was, at the time of the incident, a police officer employed by the defendant City and Police Department with his principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin.

12. Upon information and belief, at all of the times hereinafter mentioned, the defendants XYZ Police Officers (hereinafter "XYZ") were and now are a residents of the County of Milwaukee, State of Wisconsin, and were, at the time of the incident, police officers employed by the defendants City and Police Department with their principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin but their names are not currently known and will be named as defendants when their names are determined.

13. Upon information and belief, at all of the times hereinafter mentioned, the defendant James MacGillis (hereinafter "MacGillis") was and now is the Police Chief of City of Wauwatosa. By law, custom and/or delegation, he has policymaking authority over the police officers for the actions at issue in this case. He is responsible for ensuring that the policies and practices of the defendant Police Department comply with federal and state laws and requirements. He is sued in his official capacity, and his principle place of business is located at 1700 North 116th Street in Wauwatosa, Wisconsin.

**FACTS**

14. The plaintiffs sue each and all defendants in both their individual and official capacities.

15. The plaintiff, Piering, was unlawfully detained and pulled out of his motor vehicle, thrown to the ground, and handcuffed after the window on the driver's side door of his motor vehicle was broken for no apparent reason by, among others, the defendants Opelt and XYZ ; as a result of the aforementioned defendants conduct the plaintiff, Piering, sustained injuries and damages as hereinafter set forth.

16. The defendant, MacGillis, is the police chief of the City of Wauwatosa Police Department, and in that capacity, he is in charge of the officers, including the defendants Opelt and XYZ. By law, custom and/or delegation, he has policy making authority over the officers for the actions at issue. He is responsible for ensuring that the policies and practices of the officers comply with federal and state requirement for the treatment of citizens. He, upon information and belief, had personal knowledge that the unlawful practices challenged in this case were occurring. He is sued in his official capacity.

**The wrongful detention and unlawful conduct toward the plaintiff Piering**

17. On or about September 5, 2020 at approximately 11:00 p.m., the plaintiff Piering was operating his motor vehicle in a northerly direction on North Mayfair Road in the left-hand lane intending to make a left turn onto West North Avenue to enter Highway 41 to return to his residence.

18. While the plaintiff, Piering, was stopped in his motor vehicle at the above intersection, upon information and belief, the defendant Opelt in his capacity as a police officer, broke the driver's side of window of the plaintiff Piering's motor vehicle, and he and/or other defendants pulled him out of his motor vehicle, threw him to the ground and handcuffed him for no apparent reason, restraining him for a substantial period of time prior to allowing him to leave, resulting in injuries and damages to the plaintiff Piering.

5

19. The defendants, Opelt and XYZ, individually and as officers of the defendant Police Department, had no reason to break the window on the plaintiff, Piering's motor vehicle, to pull him out of his car, to throw him to the ground and to handcuff him.

20. The conduct of the defendants, Opelt and XYZ, in manhandling the plaintiff, Piering, was outrageous, wanton and reckless, and in total disregard of his civil rights.

21. The plaintiff, Piering, was not involved in any criminal activity, was not charged with any criminal offense and was released after a substantial period of time.

## DAMAGES

22. As a result of the conduct of Opelt and XYZ, individually and as officers of the City and Police Department, the plaintiff, Piering, sustained severe left knee pain, severe upper, mid and low back pain, and other serious injuries resulting in his receiving medical care and treatment at Froedtert Hospital and the Medical College of Wisconsin in Menomonee Falls.

## Count One - 42 U.S.C. 1983 - Due Process

23. Each of the paragraphs of this complaint is incorporated as if restated fully herein, as described above; all of the defendants were acting individually, jointly and in conspiracy, as well as under color of law, and in the scope of their employment and deprived the plaintiff, Piering, of his constitutional rights by using excessive force when force, excessive or otherwise was not warranted.

24. The defendants misconduct directly resulted in the injuries and damages sustained by the plaintiff, Piering, and in violation of the due process clause of the 5th and 14th Amendments to the United States Constitution.

25. As a result of this violation of his constitutional rights, the plaintiff, Piering, suffered the injuries hereinbefore set forth.

26. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

27. The misconduct described in this count was undertaken pursuant to the policies and practices of the City and Police Department, which, upon information and belief, use excessive force in treating citizens and due to the inadequate training by the Police Department, the Police Department violated the plaintiff's rights by maintaining policies and practices that were the moving force in driving the foregoing constitutional violations.

28. These widespread practices, so well settled as to constitute a *de facto* policy in the Police Department were able to exist and thrive because municipal policymakers with authority over the same acted in deliberate indifference to the problem, thereby effectively ratifying it.

29. The widespread practices described in the preceding paragraphs were allowed to flourish because the defendants Police Department and MacGillis declined to implement sufficient training or legitimate mechanisms for oversight or punishment.

**Count Two - 42 U.S.C. 1983 - Failure to Intervene**

30. Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

31. In the matter described above, during the constitutional violations described, one or more of the defendants stood by without intervening to prevent the misconduct.

32. These defendants, Opelt and XYZ, had a reasonable opportunity to prevents this harm but failed to do so.

33. As a result of the defendants' misconduct, the plaintiff, Piering, suffered the injuries hereinbefore set forth.

7

34. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

35. The misconduct described in this count was undertaken pursuant to the policies and practices of the Police Department and due to the inadequate training by the Police Department and MacGillis, the Police Department violated the plaintiff's rights by maintaining policies and practices that were the moving force in driving the foregoing constitutional violations.

### Count Three - 42 U.S.C. 1983 – Supervisor Liability

36. Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

37. The constitutional injuries described herein were proximately caused by a pattern and practice of misconduct which occurred with the knowledge and consent of those of the defendant deputies who acted in a supervisory capacity such these deputies personally knew about, approved or condoned this pattern and practice of misconduct or at least recklessly caused the alleged deprivation by their actions or deliberate indifference.

38. The misconduct described in this count was undertaken with malice, willful and reckless indifference of the rights of others.

39. The misconduct described in this count was undertaken pursuant to City and Police Department policy and practice in the manner more fully described above.

40. As a result of this violation, the plaintiff, Piering, suffered the injuries hereinbefore set forth.

WHEREFORE, the plaintiff, Shayne M. Piering, demands judgment against the defendants, City of Wauwatosa, City of Wauwatosa Police Department, George N. Opelt, XYZ Police Officers and James MacGillis, for compensatory damages together with costs,

disbursements and reasonable attorney's fees, along with punitive damages against each of the defendant officers in their individual capacity in an amount to be set by the trier of fact.

WHEREFORE, the involuntary plaintiffs, American Family Mutual Insurance Company and United Healthcare, demand judgment against the defendants, City of Wauwatosa, City of Wauwatosa Police Department, George N. Opelt, XYZ Police Officers and James MacGillis, for compensatory damages together with costs, disbursements and reasonable attorney's fees in amounts to be set by the trier of fact.

## JURY DEMAND

Plaintiff, Shayne M. Piering, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated at Milwaukee, Wisconsin this 9th day of September, 2021

LAW OFFICES OF ROBERT A. LEVINE

By: /s/ Robert A. Levine
    Robert A Levine
    State Bar No. 1011965
    Jonathan Cattey
    State Bar No. 1079322

P.O. ADDRESS:
630 N. Broadway
Milwaukee, WI 53202
Phone: (414) 271-9585
Fax: (414) 271-8506
Email: rlevine@rlevinelaw.com
       jcattey@rlevinelaw.com