UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAYNE M PIERING,

        Plaintiff,

v.                                                                                Case No. 21-cv-1045-bhl

AMERICAN FAMILY MUTUAL INSURANCE COMPANY SI,
UNITED HEALTHCARE,

        Involuntary Plaintiffs,

v.

CITY OF WAUWATOSA, et al.,

        Defendants.

---

## ORDER GRANTING MOTION TO DISMISS

---

        On September 9, 2021, Plaintiff Shayne Piering filed this lawsuit, alleging that several City of Wauwatosa police officers, including Defendant George Opelt, used excessive force against him in connection with a traffic stop. ECF No. 1, ¶¶ 17–18. Piering's complaint asserts claims against Opelt, several unnamed "XYZ" police officers, the City of Wauwatosa, the City of Wauwatosa Police Department, and Chief of Police James MacGillis. *See id.* ¶¶ 9–13. Piering invokes 42 U.S.C. §1983 to sue all defendants in both their individual and official capacities for denial of due process, failure to intervene, and supervisory liability. *Id.* ¶¶ 23–40. Opelt answered the complaint, but the other named Defendants—the City, the Wauwatosa Police Department, and Chief MacGillis—have moved to dismiss, contending they cannot be liable under Section 1983 for the misconduct alleged in the complaint. ECF Nos. 10, 11, 12. Defendants' motion will be granted, but the dismissal will be without prejudice. The Court will allow Piering 14 days from the date of this Order to file an amended complaint, if he wishes to try to replead any of the dismissed claims. The Court cautions Piering, however, to attempt an amendment only if he can legitimately cure the defects identified in this Order.

## FACTUAL BACKGROUND[1]

On or about September 5, 2020, Shayne Piering was driving on North Mayfield Road, heading to his home in Wauwatosa. ECF No. 1, ¶ 17. After he came to a stop at the intersection with West North Avenue, City of Wauwatosa Police Officer George Opelt broke through Piering's driver-side window. *Id.* ¶ 18. Opelt and/or several other unidentified City police officers also present pulled Piering out of the vehicle, threw him onto the ground, and handcuffed him. *Id.* After a substantial period of time, the officers let him go without charging him with any criminal offense. *Id.* ¶ 21. Piering suffered injuries from the incident, including knee pain and back pain, for which he later received medical care. *Id.* ¶ 22. According to Piering, the officers' misconduct was part of a widespread practice that the City of Wauwatosa Police Department and Police Chief James MacGillis knew about and allowed to continue by failing to institute proper training. *Id.* ¶¶ 16, 27–29.

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Roberts*, 817 F.3d at 564–65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ANALYSIS

### I. The Wauwatosa Police Department Is Not an Entity that Can Be Held Liable under Section 1983.

Defendants first contend that Piering's attempt to assert claims against the Wauwatosa Police Department fails as a matter of basic Section 1983 law. ECF No. 12 at 3. They are correct. The Seventh Circuit long ago explained that "a police department is not a suable entity under [Section] 1983." *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009). Piering appears

---

[1] The Factual Background is derived from Piering's complaint, ECF No. 1, the allegations in which are presumed true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–56 (2007).

to accept his pleading mistake and does not substantively respond to Defendants' argument. ECF No. 17. The Court will therefore dismiss all claims against the Wauwatosa Police Department.

## II. Piering Fails to State a Claim that the City or Chief MacGillis Bear *Monell* Liability for the Officers' Alleged Use of Excessive Force.

Defendants next challenge Piering's attempt to assert claims against the City and against Chief MacGillis in his official capacity. ECF No. 12 at 4. They insist the complaint does not allege facts from which it can be inferred that these defendants were involved in the alleged misconduct of the individual officers who interacted with Piering. *Id.* at 4–11. Defendants further point out that there is no respondeat superior liability under Section 1983 and that, while municipalities and police chiefs can be liable for constitutional violations in limited circumstances, no such circumstances are plausibly alleged here. *Id.*

Piering's claims against the City and his official capacity claims[2] against Chief MacGillis are governed by *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court recognized that municipalities could be "persons" held liable for constitutional violations under Section 1983 in three ways. 436 U.S. at 690–91. First, a plaintiff may show that the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers. *Monell*, 436 U.S. at 690; *Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc) (quoting *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35 (2010)). Second, one may show that the unconstitutional action was done pursuant to a municipal custom—even one that is not formally codified. *Monell*, 436 U.S. at 690–91; *see also Glisson*, 849 F.3d at 379. Third, a plaintiff may prove that a municipal actor with final decision-making authority within the entity adopted the relevant policy or custom. *Monell*, 436 U.S. at 694. Defendants insist Piering has not alleged facts sufficient to satisfy any of these three bases for municipal liability. ECF No. 12 at 4.

In response, Piering argues he has plausibly alleged two different theories of *Monell* liability. ECF No. 17 at 4–6. He first points to his allegation that the officers' use of force against

---

[2] An official capacity claim under Section 1983 is functionally the same as a claim against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local officials, for under *Monell*, local government units can be sued directly for damages and injunctive or declaratory relief.") (citations omitted). Accordingly, Piering's attempt to assert identical claims against the Police Department and Chief MacGillis is an unnecessary redundancy. *See Reed v. Illinois*, 798 F. App'x 932, 934 n.1 (7th Cir. 2020); *Cruz v. Dart*, No. 11 C 00630, 2012 WL 5512275 at *7 (N.D. Ill. Nov. 13, 2012). Even if Piering had properly pleaded this claim, the Court would dismiss the redundant claim against Chief MacGillis as unnecessary and potentially confusing to the jury. *See Tabor v. City of Chicago*, 10 F. Supp. 2d 988, 991 (N.D. Ill. 1998) (citing *Graham*, 473 U.S. at 167 n.14).

him was done pursuant to "widespread practices," ECF No. 1, ¶¶ 27–29, and insists this is sufficient to state a *Monell* claim. ECF No. 17 at 5. Defendants correctly observe, however, that Piering alleges only one incident of excessive force, and allegations of a single incident do not state a claim for a "widespread practice or custom" as a matter of law. ECF No. 12 at 5–6. No bright-line rule defines a "widespread custom or practice," but a plaintiff must show that a policy, not a "random event," created the plaintiff's injuries. *Thomas v. Cook Cnty. Sheriff's Dep't.*, 604 F.3d 293, 303 (7th Cir. 2010). A "short series of random events" likewise fails to establish a widespread custom or practice. *Bridges v. Dart*, 950 F.3d 476, 479 (7th Cir. 2020). While the number of incidents required to demonstrate a widespread custom or practice is unclear, that number is undoubtedly more than one. *See Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014) ("[I]t is clear that a single incident—or even three incidents—do not suffice [to establish a widespread custom or practice].") (citing *Thomas*, 604 F.3d at 303 (internal citations omitted)). Because Piering alleges only a single incident, ECF No. 1, ¶¶ 17–18, he does not plausibly state a *Monell* claim based on any custom or practice.

Piering's second attempt at justifying his *Monell* claims is based on his allegation that "municipal policymakers with authority over the [Police Department]" adopted a policy of failing to train officers about properly using force. *Id.* ¶ 28. Defendants insist this conclusory allegation is insufficient to state a claim. ECF No. 12 at 8–10. They are again correct. The Supreme Court has recognized that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of [Section] 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). But the failure "must amount to 'deliberate indifference to the rights of persons with whom the untrained employees come into contact.'" *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "[A] city may be deemed deliberately indifferent if . . . policymakers choose to retain [a training] program" "when [they] are on actual or constructive notice that a particular omission in [the] program causes city employees to violate citizens' constitutional rights[.]" *Id.* (citing *Bd. of Cnty. Comm'rs. v. Brown*, 520 U.S. 397, 407 (1997)). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (citing *Brown*, 520 U.S. at 409).

As stated above, Piering does not allege any "pattern" of constitutional violations by Wauwatosa police; he alleges a single incident. ECF No. 1, ¶¶ 17–18. And he does not allege that

City policymakers otherwise had actual or constructive notice that the City's police training program was causing constitutional violations. He has therefore failed to state a claim for failure to train. The Court will therefore dismiss the *Monell* claims as to the City and MacGillis.

### III. Piering Fails to State a Claim Against MacGillis in his Individual Capacity.

Under Section 1983, a supervisor may be personally liable for the conduct of his subordinates if he or she knows about and facilitates the conduct, or otherwise approves it, condones it, or "'turn[s] a blind eye for fear of what [he or she] might see.'" *Backes v. Vill. of Peoria Heights*, 662 F.3d 866, 870 (7th Cir. 2011) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988)). "'[The supervisor] must . . . act either knowingly or with deliberate, reckless indifference.'" *Id.* (quoting *Jones*, 856 F.2d at 992–93).

Piering's individual capacity claim against Chief MacGillis appears to be based on this type of supervisory liability; he does not allege that Chief MacGillis was physically present or otherwise directly involved in the incident in question. As for supervisory liability, Piering alleges only that "upon information and belief" Chief MacGillis "had personal knowledge that the unlawful practices challenged in this case were occurring." ECF No. 1, ¶ 16. This is insufficient. There are no factual allegations plausibly suggesting that MacGillis personally facilitated, approved, condoned, or turned a blind eye to any unlawful conduct. Moreover, bald allegations of such approval or condoning are insufficient and too speculative; they must be supported by sufficient facts to allow the plausible inference that MacGillis should be liable for the officers' alleged violations. *See Bohannon v. City of Milwaukee*, 998 F. Supp. 2d 736, 748 (E.D. Wis. 2014) (allegation that supervisor defendants knew about and facilitated officers' violations would have been too "limited and conclusory" to survive motion to dismiss if not for additional alleged facts); *Twombly*, 550 U.S. at 570. The absence of such plausible allegations dooms Piering's claims against Chief MacGillis.

## CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that the motion to dismiss, ECF No. 11, is **GRANTED**. The complaint is **DISMISSED without prejudice with respect to Defendants City of Wauwatosa, City of Wauwatosa Police Department, and James MacGillis**. The Court will allow Piering 14 days from the date of this Order to file an amended complaint that names proper defendants and complies with Fed. R. Civ. P. 18 and 20. If Piering does not file a timely amendment, the dismissal shall become with prejudice as to those defendants.

Dated at Milwaukee, Wisconsin on September 21, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge