IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAYNE M. PIERING
N92 W17285 Forest Drive
Menomonee Falls, WI 53051   Case No.: 21-CV-01045

    Plaintiff,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.
c/o Corporation Service Company
8040 Excelsior Drive, Ste. 400
Madison, WI 53717, and

UNITED HEALTHCARE
c/o CT Corporation, Registered Agent
301 S. Bedford Street, Ste. 1
Madison, WI 53703,

    Involuntary Plaintiffs,

vs.

GEORGE N. OPELT
1700 N. 116th Street
Wauwatosa, WI 53226,

LUKE VETTER
1700 N. 116th Street
Wauwatosa, WI 53226,

XYZ POLICE OFFICERS
1700 N. 116th Street
Wauwatosa, WI 53226,

    Defendants.

## AMENDED COMPLAINT

NOW COMES the above-named plaintiff, Shayne M. Piering, by his attorneys, the Law Offices of Robert A. Levine, represented by Robert A. Levine and Jonathan J. Cattey, and as and

for a claim against the defendants, George N. Opelt, Luke Vetter, and XYZ Police Officers, alleges and shows to the Court as follows:

## INTRODUCTION

1. Plaintiffs have separate claims which arise out of the same incident and are joined for the purpose of suit and trial, but each prays for a separate judgment.

2. This is a civil action brought under 42 U.S.C. 1983 to address the deprivation under color of law of plaintiff's rights and all similarly situation as secured by the United States Constitution.

3. This is a civil action seeking damages against the defendants for committing civil acts under of color of law which deprived the plaintiff, Shayne M. Piering (hereinafter "Piering"), of rights secured by the 4th and 14th Amendments to the Constitution of the United States and the Constitution of the State of Wisconsin, including but not limited to depriving the plaintiff Piering of due process of law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of the action pursuant to 28 U.S.C. 1331.

5. Venue is proper under 28 U.S.C. 1391(b) because, upon information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claim asserted herein all occurred within the district.

## PARTIES

6. At all of the times hereinafter mentioned, the plaintiff Piering (DOB: 02/18/2001) was and now is a resident of the City of Menomonee Falls, County of Waukesha, State of Wisconsin, residing at N92 W17285 Forest Drive.

7. At all of the times hereinafter mentioned, the involuntary plaintiff American Family Mutual Insurance Company, S.I. (hereinafter "American Family") was and now is a domestic corporation, duly organized and existing pursuant to the laws of the State of Wisconsin, with its registered agent, Corporation Service Company located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717, and is engaged in the insurance business writing policies containing provisions of medical payments coverage.

8. At all of the times hereinafter mentioned, the involuntary plaintiff United Healthcare (hereinafter "UHC") was and now is a foreign health maintenance organization, licensed to transact business in the State of Wisconsin, with its registered agent, CT Corporation, located at 301 S. Bedford Street, Ste. 1, Madison, WI 53703, and provides health insurance benefits.

9. Upon information and belief, at all of the times hereinafter mentioned, the defendant George N. Opelt (hereinafter "Opelt") was and now is a resident of the County of Milwaukee, State of Wisconsin, and was, at the time of the incident, a police officer employed by the City of Wauwatosa and its Police Department with his principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin.

10. Upon information and belief, at all of the times hereinafter mentioned, the defendant Luke Vetter (hereinafter "Vetter") was and now is a resident of the County of Milwaukee, State of Wisconsin, and was, at the time of the incident, a police officer employed by the City of Wauwatosa and its Police Department with his principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin.

11. Upon information and belief, at all of the times hereinafter mentioned, the defendants XYZ Police Officers (hereinafter "XYZ") were and now are a residents of the County

of Milwaukee, State of Wisconsin, and were, at the time of the incident, police officers employed by the City of Wauwatosa and its Police Department with their principle place of business located at 1700 North 116th Street in Wauwatosa, Wisconsin but their names are not currently known and will be named as defendants when their names are determined.

**FACTS**

12. The plaintiffs sue each and all defendants in both their individual and official capacities.

13. The plaintiff, Piering, was unlawfully detained and pulled out of his motor vehicle, thrown to the ground, and handcuffed after the window on the driver's side door of his motor vehicle was broken for no apparent reason by, among others, the defendants Opelt, Vetter and XYZ; as a result of the aforementioned defendants conduct the plaintiff, Piering, sustained injuries and damages as hereinafter set forth.

**The wrongful detention and unlawful conduct toward the plaintiff Piering**

14. On or about September 5, 2020 at approximately 11:00 p.m., the plaintiff Piering was operating his motor vehicle in a northerly direction on North Mayfair Road in the left-hand lane intending to make a left turn onto West North Avenue to enter Highway 41 to return to his residence.

15. While the plaintiff, Piering, was stopped in his motor vehicle at the above intersection, upon information and belief, the defendants Opelt and Vetter in their capacities as police officers, broke the driver's side of window of the plaintiff Piering's motor vehicle, and they and/or other defendants pulled him out of his motor vehicle, threw him to the ground and handcuffed him for no apparent reason, restraining him for a substantial period of time prior to allowing him to leave, resulting in injuries and damages to the plaintiff Piering. The Defendants

4

actions in breaking the plaintiff Piering's car window, pulling him out of his car, slamming him to the ground and handcuffing him was excessive, unwarranted and objectively unreasonable.

16. The defendants, Opelt, Vetter and XYZ, individually and as officers of the Police Department, had no reason to break the window on the plaintiff, Piering's motor vehicle, to pull him out of his car, to throw him to the ground and to handcuff him.

17. The conduct of the defendants, Opelt, Vetter and XYZ, in breaking the plaintiff Piering's car window, manhandling him, and using unnecessary and excessive force that was unjustified and objectively unreasonable in light of the facts and circumstances confronting them as the plaintiff Piering was not involved in any protest nor did he pose any threat to the safety of the officers or the community, and the conduct of the defendants was outrageous, wanton and reckless, and in total disregard of his civil rights.

18. The plaintiff, Piering, was not involved in any criminal activity, was not charged with any criminal offense and was released after a substantial period of time.

**DAMAGES**

19. As a result of the conduct of the defendants Opelt, Vetter and XYZ, individually and as officers of the City of Wauwatosa Police Department, the plaintiff, Piering, sustained severe left knee pain, severe upper, mid and low back pain, and other serious injuries resulting in his receiving medical care and treatment at Froedtert Hospital and the Medical College of Wisconsin in Menomonee Falls.

**Count One - 42 U.S.C. 1983 - Due Process**

20. Each of the paragraphs of this complaint is incorporated as if restated fully herein, as described above; all of the defendants were acting individually, jointly and in conspiracy, as well as under color of law, and in the scope of their employment and deprived the plaintiff, Piering,

5

of his constitutional rights by using excessive force when force, excessive or otherwise was not warranted.

21. The defendants' misconduct directly resulted in the injuries and damages sustained by the plaintiff, Piering, and in violation of the due process clause of the 5th and 14th Amendments to the United States Constitution.

22. As a result of this violation of his constitutional rights, the plaintiff, Piering, suffered the injuries hereinbefore set forth.

23. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

### Count Two - 42 U.S.C. 1983 - Failure to Intervene

24. Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

25. In the matter described above, during the constitutional violations described, one or more of the defendants stood by without intervening to prevent the misconduct.

26. These defendants, Opelt, Vetter and XYZ, had a reasonable opportunity to prevent this harm but failed to do so.

27. As a result of the defendants' misconduct, the plaintiff, Piering, suffered the injuries hereinbefore set forth.

28. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to the plaintiff's constitutional rights.

### Count Three - 42 U.S.C. 1983 – Unlawful Arrest/Detention

29. The defendants Opelt, Vetter and XYZ had no probable cause to believe the plaintiff Piering violated any law when they detained and arrested him, and their actions were

arbitrary and capricious in pulling him from his car, throwing him to the ground and handcuffing him.

30. The defendants' actions were willful, wanton and reckless and in a malicious disregard of the plaintiff Piering's constitutional rights, resulting in the injuries suffered by him.

31. The misconduct described in this claim was objectively unreasonable and undertaken maliciously and without regard for the plaintiff Piering's constitutional rights.

32. The defendants conduct constituted a violation of the 5th and/or 14th Amendment equal protection rights guaranteed by that same amendment while action under color of law, the defendants deprived the plaintiff of his 14th amendment rights and is entitled to damages as provided by law.

### Count Four - 42 U.S.C. 1983 – Supervisor Liability

33. Reiterates, repeats and realleges all of the paragraphs of this complaint as if restated fully herein.

34. Upon information and belief, the defendant Vetter, was a captain in charge of the officers involved in the arrest, detention and battery to the plaintiff, Piering, and refused to provide the names and badge numbers of the officers involved, had, upon information and belief, failed, refused and neglected to supervise and control the officers under his command.

35. Upon information and belief, the plaintiff Piering was stopped at the intersection on Mayfair Road facing in a northerly direction on the corner of West North Avenue and was not involved in a protest caravan that was traveling in a southerly direction on Mayfair Road.

36. Upon information and belief, the excessive force by the defendants against the plaintiff Piering was objectively unreasonable in light of the facts and circumstances confronting the defendant.

37. The defendants Opelt, Vetter and XYZ Officers handcuffed the plaintiff Piering and assisted with his initial arrest and searched him despite the lack of any probable cause.

38. As a result of the unwarranted and excessive force deployed by the defendants Opelt, Vetter and XYZ, the plaintiff Piering suffered the injuries hereinbefore set forth.

39. The constitutional injuries described herein were proximately caused by a pattern and practice of misconduct which occurred with the knowledge and consent of those of the defendant Vetter who acted in a supervisory capacity such that he personally knew about, approved or condoned this pattern and practice of misconduct or at least recklessly caused the alleged deprivation by their actions or deliberate indifference.

40. The misconduct described in this count was undertaken with malice, willful and reckless indifference of the rights of others.

41. As a result of the unwarranted and excessive force deployed by the defendants Opelt, Vetter and XYZ, the plaintiff Piering suffered the injuries hereinbefore set forth.

WHEREFORE, the plaintiff, Shayne M. Piering, demands judgment against the defendants, George N. Opelt, Luke Vetter, and XYZ Police Officers, for compensatory damages together with costs, disbursements and reasonable attorney's fees, along with punitive damages against each of the defendant officers in their individual capacity in an amount to be set by the trier of fact.

WHEREFORE, the involuntary plaintiffs, American Family Mutual Insurance Company and United Healthcare, demand judgment against the defendants, George N. Opelt, Luke Vetter, and XYZ Police Officers, for compensatory damages together with costs, disbursements and reasonable attorney's fees in amounts to be set by the trier of fact.

**JURY DEMAND**

Plaintiff, Shayne M. Piering, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated at Milwaukee, Wisconsin this 4th day of October, 2022

                                              LAW OFFICES OF ROBERT A. LEVINE

                                              By:/s/ Robert A. Levine
                                                  Robert A Levine
                                                  State Bar No. 1011965
                                                  Jonathan Cattey
                                                  State Bar No. 1079322

P.O. ADDRESS:
630 N. Broadway
Milwaukee, WI 53202
Phone: (414) 271-9585
Fax: (414) 271-8506
Email: rlevine@rlevinelaw.com
        jcattey@rlevinelaw.com